# YONGE *vs.* MOBILE AND OHIO RAILROAD CO.

## [ASSUMPSIT UNDER CODE ON COMMON COUNTS.]

1. *Establishing correctness of demand by plaintiff's own oath.*—The statute (Code, §§ 2313-14) authorizing the plaintiff to establish the correctness of his demand by his own oath, where the amount in controversy does not exceed $300, does not apply to actions against corporations aggregate.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by George C. Yonge, against the Mobile and Ohio Railroad Company, to recover $300, due by open account, for provisions furnished, and work and labor done for said company. On the trial, the plaintiff offered to establish the correctness of his demand by his own oath; having given the notice prescribed by the statute. The defendant objected to this, and the court sustained the objection; to which the plaintiff excepted, and which he now assigns as error.

WILLIAM BOYLES, for the appellant.

GEO. N. STEWART, *contra.*

WALKER, J.—The question in this case is, whether the plaintiff, in an action against a corporation aggregate, upon a contract, where the amount in controversy does not exceed three hundred dollars, is competent to establish the correctness of the demand by his own oath. Sections 2313 and 2314 of the Code, upon the construction of which the question depends, are as follows: "In all suits upon contracts, *where the defendant has been personally served with process,* where the matter in controversy does not exceed three hundred dollars, the plaintiff is competent to establish the correctness of the demand by his own oath, if the defendant is a *resident* of the county; unless *he,* in open court, *denies upon oath* the truth of the facts proposed to be sworn to by the plaintiff." "The plaintiff must give the defendant, or *his* attorney, five days notice of his intention to establish the demand by his own oath; unless the defendant *resides* out of the county, and has no attorney of record within the county; in which case, a notice, filed in the clerk's office five days, has the same effect."

It is clear from the language of the above copied sections of the Code, that they are designed to operate in those cases, where the defendant may have a personal residence, and may be *personally* served with the initiatory process of the suit, and may make a personal appearance in court, and *personally* take an *oath,* and upon such oath contradict the assertion of the adverse party. A corporation aggregate cannot be said to have a residence in the sense in which the word is used; it has no body, and cannot make a corporal appearance in open court, and there take upon itself an oath, and upon that oath deny the truth of what is alleged by the plaintiff. Besides, it is not personally served, but is served under our statute through a designated representative; which last view is conclusive.—Code, §§ 2169–2170. The corporation could not, through one of its officers, appear, and take the oath negativing that to which the plaintiff proposed to swear.

The statute would not allow that. It requires that the defendant should, in open court, make the oath. If an agent or officer of the corporation could appear and take the oath for it, it would follow that the agent of any partnership or natural person might do the same thing. Thus, by departing from the statute, so as to substitute for the corporation defendant its agent or officer, we should make a precedent which might lead to the practical abrogation in part of the statute.

The judgment of the court below must be affirmed.