## ALA. & TENN. RIVERS RAILROAD COMPANY *vs.* OAKS & MILLS.

[ACTION AGAINST RAILROAD COMPANY AS COMMON CARRIER.]

1. *Examination of parties as witnesses, in appeal case from justice's court.* In appeal cases from a justice's court, where the amount in controversy exceeds twenty dollars, the statute authorizing either party to be a witness in his own behalf, (Code, §2779,) has no application to suits by or against corporations aggregate.

APPEAL from the Circuit Court of Shelby.
Tried before the Hon. JAMES B. MARTIN.

BYRD & MORGAN, for appellant.

R. W. WALKER, J.—This was an appeal from a justice's court. The plaintiffs (who were partners) claimed over twenty, and less than fifty dollars ; and one of them

offered himself as a witness. He was objected to as incompetent to testify, on the ground that the defendant was a corporation; but the court overruled the objection, and permitted the witness to testify.

The Code provides, that "when the matter in controversy, or damages claimed, exceed twenty dollars, either party may be a witness in his own behalf, unless the party against whom the testimony is offered swears that the testimony proposed to be given is untrue."—Code, § 2779. The language here employed plainly implies, that this provision was designed to apply only to those cases, in which the party against whom the testimony is offered has the legal capacity to take an oath. A corporation aggregate can not take upon itself an oath, and upon that oath swear that the testimony proposed to be given is untrue. The section of the Code (§ 2313) construed in *Yonge v. Mobile & Ohio R. R. Co.*, (31 Ala. 422,) bears a strong resemblance to the one we are considering; and the decision of the court in that case supports the opinion just expressed, that the clause of section 2779, above quoted, has no application to suits by or against corporations.

Judgment reversed, and cause remanded.

A. J. WALKER, C. J., not sitting.